[Docket No. 1]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

MARIO MACELLARI,

               Plaintiff,

   v.

SCOTT SHERWOOD,

               Defendant.

Civil No. 25-5780

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**

*Pro se* Plaintiff Mario Macellari asks this Court to allow him to proceed *in forma pauperis* (IFP) so he can sue Defendant Scott Sherwood, Atlantic County's Chief Public Defender, who appears to be representing him in an ongoing criminal prosecution. 28 U.S.C. § 1915 allows federal courts to waive the prepayment of court fees if the litigant "is unable to pay such fees." 28 U.S.C. § 1915(a). Once a court grants an IFP application, § 1915 requires the Court to screen the litigant's complaint to ensure, among other things, it states a claim and that the lawsuit is not frivolous or malicious. *Id.* § 1915(e)(2)(B).

Third Circuit courts only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolutely destitute[,]" the litigant "must establish that he is unable to pay the costs of his suit." *Hurst v. Shalk*, 659 F.

App'x 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status shoulders the burden "to provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for [IFP] status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (first, second, and third alterations in original) (citation and internal quotation marks omitted).

Here, after considering Macellari's Affidavit of Poverty and Account Certification, and the accompanying Offender Management System account record, the Court finds that he cannot pay the Court's filing fees. [Docket No. 1-1.] Thus, the Court grants his IFP application.

Still, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the Court screens Macellari's Complaint to ensure he states a claim for relief and that his lawsuit is not "frivolous or malicious." Macellari's *pro se* status does not relieve him of his obligation to allege enough facts in the Complaint to support these claims. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

While unclear, Macellari appears to raise claims against Sherwood, who is currently representing him in an ongoing criminal prosecution. [Docket No. 1 ("Compl.") at 4.] Macellari appears unsatisfied with Sherwood's representation, claiming he advised Sherwood that he does not want to be represented by counsel. [*Id.*] Despite these instructions, Macellari claims Sherwood continues to represent him and "obstruct[] and destroy[ his] defen[s]e strategy." [*Id.*] Macellari also claims that

2

Sherwood and Judge Donna Taylor colluded to violate his "right to defend [himself]." [Compl. at 6.]

Even under the liberal reading that this Court gives to Macellari's Complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court is unable to determine if it has subject matter jurisdiction over this lawsuit–diversity of citizenship or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Without more factual allegations, Macellari's alleged dissatisfaction with Sherwood's legal representation is insufficient to establish subject matter jurisdiction. Accordingly, this Court dismisses Macellari's Complaint without prejudice for lack of jurisdiction.

For the above reasons, and for other good cause shown,

**IT IS** on this **11th day of February 2026**, hereby:

**ORDERED** that the Court **GRANTS** Plaintiff's IFP application; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** [Docket No. 1]; and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty days of the date of the entry of this Memorandum Order, Plaintiff files an amended Complaint; and it is further

**ORDERED** that Defendant shall not be served before the Court's *sua sponte* screen of an amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum

3

Order on Plaintiff to his address of record by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**Chief United States District Judge**